

FILED & JUDGMENT ENTERED
David E. Weich

Jun 21 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Wilkesboro Division

In re:

Steven L. Kuebler and
Diane M. Kuebler,

Debtors.

Case Number:  09-51817

Chapter 7

ORDER (I) GRANTING DEBTORS' MOTION TO AMEND EXEMPTIONS; (II) SUSTAINING TRUSTEE'S OBJECTION TO DEBTORS' EXEMPTIONS; AND (III) GRANTING TRUSTEE'S MOTION FOR TURNOVER

This matter came on for hearing on April 9, 2010, May 7, 2010, and June 11, 2010 on the *Debtor's First Motion to Amend Exemptions* (the "Motion to Amend"); the *Response of Anna Alber* (the "Alber Response"); and the *Trustee's Objection to Debtors' Exemptions and Motion for Turnover* (the "Objection" and the "Motion").  Christina Collier appeared on behalf of the debtors (the "Debtors"), James Vaughan appeared on behalf of creditor Anna Alber, and A. Cotten Wright appeared on behalf of James T. Ward, the trustee (the "Trustee").  The Court, having reviewed the pleadings and the record in this case, and having considered the arguments of counsel, finds and concludes as follows:

## BACKGROUND

1. The Debtors filed a voluntary petition (the "Petition") for relief pursuant to chapter 7 of the Bankruptcy Code on December 21, 2009 (the "Petition Date"). (D.E. 1).

2. The Trustee is the duly appointed chapter 7 trustee in the Debtors' case.

3. On March 5, 2010, the Debtors filed their Motion to Amend requesting that the Court direct the Trustee to allow them to amend their exemption elections. (D.E. 18).

4. The Alber Response asserted an objection to the Motion to Amend. (D.E. 22). On April 9, 2010, the Court conducted a hearing on the Motion to Amend and the Alber Response. Given the concerns raised at the hearing, the Court continued the hearing to May 7, 2010 and instructed the Debtors to revise their petition in the interim.

5. On April 23, 2010, the Debtors filed a revised Petition. (D.E. 28). The Debtors' revised Schedule B ("Revised Schedule B") indicates that the Debtors personal property includes cash, checking funds and savings funds totaling $8,653.95. The savings funds are described on Revised Schedule B as follows:

> Savings Account #98998: Debtor's employment necessitates that he have $5,000.00 available for expenses per month. He is required to pay out of pocket for car rental, hotel/motel, entertainment and be reimbursed weekly by his employer.
> Location: BB & T

*Id.*

6. The Debtors' revised Schedule C ("Revised Schedule C") indicates that the Debtors claim exemptions, pursuant to N.C. Gen. Stat. § 1-362, in each of the cash, the checking funds and the savings funds, for a total of $8,653.95 (collectively, the "Cash Exemptions").

7. The Trustee filed the Objection on May 10, 2010 (D.E. 30) arguing that the Debtors had failed to allege sufficient facts to justify allowance of the Cash Exemptions pursuant

2

to § 1-362. The Trustee also requested that the Court order turnover of the $8,653.95 reflected in the Cash Exemptions.

8. The Court heard the Objection on June 11, 2010. At that hearing, counsel for Anna Alber maintained that the Debtors should not be allowed to amend their original claim of exemptions. Alternatively, counsel for Anna Alber announced that he would join in the Trustee's Objection. Counsel for the Debtors argued that § 1-362 would apply to allow the Debtors to exempt the funds reflected in the Cash Exemptions; however, no evidence or testimony was introduced to that effect.

## DISCUSSION

9. The Court finds and concludes that the Debtors' Motion to Amend should be allowed. Accordingly, the Alber Response is overruled.

10. The Debtors' claim with respect to the Cash Exemptions must be denied, however. N.C. Gen. Stat. § 1-362 permits debtors to exempt from execution "the earnings of the debtor for his personal services, at any time within 60 days next preceding the order [of execution] . . . when it appears, by the debtor's affidavit or otherwise, that these earnings are necessary for the use of a family supported wholly or partly by [the debtor's] labor." N.C. Gen. Stat. § 1-362. To successfully claim a § 1-362 exemption, a bankruptcy debtor must make the following three showings: (1) that the cash was earned from personal services; (2) that the cash was earned within the 60 days preceding the petition; and (3) that the cash is necessary for the support of a family. *In re Dutton*, 2003 WL 1964192 *1 (Bankr. .M.D.N.C. Apr. 24, 2003).

11. The threshold question in analyzing the applicability of § 1-362 lies in whether the funds at issue reflect "earnings" of the debtor "for personal services." *In re Dillon*, 2005 WL 1629923 *1 (Bankr. M.D.N.C. Jul. 8, 2005). The next element that a debtor must show is that

3

the funds were earned within 60 days of the bankruptcy. *In re Dutton*, 2003 WL 1964192 *1 (Bankr. .M.D.N.C. Apr. 24, 2003). In instances where there is no indication that the funds in the debtor's bank account reflect earnings, or assuming as much, there is no indication that such funds were earned in the 60 days before bankruptcy, the first of the two elements necessary to a § 1-362 showing are not met. *Id.*

12. With respect to the third element, to support an exemption claim based on § 1-362, debtors are required to state sufficient facts to allow the court to determine if the amount to be exempted is necessary for the support of a family. *Sturgill v. Sturgill*, 49 N.C.App. 580, 586, 272 S.E.2d 423, 428 (N.C. App. 1980) (holding that the debtor's "bare allegation" that his income was necessary to support a new family was insufficient to support his § 1-362 exemption claim); *see also, In re Williams*, 2009 WL 35173 at *2 (Bankr. E.D.N.C. Jan. 5, 2009) (allowing exemption pursuant to § 1-362 given debtors' credible evidence that wages were necessary to support family).

13. Here, the Debtors revised Petition did not make any allegations that the elements for § 1-362 exemption claims are met with respect to the Cash Exemptions. In fact, the Debtors set out an affirmative, contrary allegation as to the savings funds by stating that the savings funds are necessary to cover the male Debtor's business expenses.

14. Nor did the Debtors offer any evidence or testimony that the funds at issue reflect earnings subject to exemption pursuant to § 1-362 in response to the Objection. Thus, the Debtors have not properly asserted their exemption claim. For these reasons, the Court holds that the Objection is proper and should be sustained.

15. Given that the Debtors' exemption claim must be denied, they are required to turnover the non-exempt funds totaling $8,653.95 to the Trustee for the benefit of the bankruptcy estate.

IT IS, THEREFORE, ORDERED that:

1) The Debtors' motion to amend their exemptions is ALLOWED and the Alber Response is DENIED;

2) The Trustee's objection to the Debtors' exemptions is SUSTAINED; and

3) The Debtors are directed to turn over the sum of $8,653.95 to the Trustee within ten days of entry of this Order.

| | |
|---|---|
| This Order has been signed Electronically. The judge's signature and court's seal appear at the top of the Order. | United States Bankruptcy Court |